## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| U.S. EPOXY RESIN PRODUCERS *AD HOC* COALITION,<br><br>                    Plaintiff,<br><br>         v.<br><br>UNITED STATES,<br><br>                    Defendant. | Court No. 25-00147 |

## **COMPLAINT**

Plaintiff U.S. Epoxy Resin Producers *Ad Hoc* Coalition ("Plaintiff" or "the Coalition") brings this action to contest the final determination of the countervailing duty investigation issued by the International Trade Administration, United States Department of Commerce ("Commerce"), entitled *Certain Epoxy Resins From the Republic of Korea: Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination,* 90 Fed. Reg. 14605 (Dep't Commerce Apr. 3, 2025) (the "*Contested Determination*") and accompanying Issues and Decisions Memorandum (March 28, 2025) (the "*Contested Determination* IDM").  By and through counsel, Plaintiff alleges the following:

### **JURISDICTION**

1. Plaintiff brings this action pursuant to section 516A(a)(2)(A)(i)(II) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(II), to review certain aspects of the *Contested Determination*, which was issued pursuant to 19 U.S.C. § 1671d and is described in section 516A(a)(2)(B)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(B)(i).

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING OF PLAINTIFF

3. The U.S. Epoxy Resin Producers *Ad Hoc* Coalition consists of the two U.S. producers of the domestic like product. The two members of the Coalition are: (1) Olin Corporation ("Olin") and (2) Westlake Corporation ("Westlake"). These producers are interested parties within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(C), and the Coalition is an interested party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(F). Plaintiff actively participated as the petitioner in the countervailing duty investigation that gave rise to the *Contested Determination*. Plaintiff, therefore, is an interested party who was party to the proceeding in connection with the *Contested Determination* within the meaning of 19 U.S.C. § 1516a(a)(2)(A).

4. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce published the *Contested Determination* in the Federal Register on April 3, 2025. *Certain Epoxy Resins From the Republic of Korea: Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination,* 90 Fed. Reg. 14605 (Dep't Commerce Apr. 3, 2025).

6. On May 27, 2025, Commerce published a countervailing duty order based upon the *Contested Determination*. *Certain Epoxy Resins from Taiwan: Amended Final Countervailing Duty Determination; Certain Epoxy Resins from the Republic of Korea and Taiwan: Countervailing Duty Orders*, 90 Fed. Reg. 22235 (Dep't Commerce May 27, 2025).

7. On June 26, 2025, Plaintiff initiated this action in accordance with sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i), by the filing of a summons within 30 days after publication in the Federal Register of the countervailing duty order based upon the *Contested Determination*.

8. Plaintiff files this Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

9. Commerce initiated this countervailing duty investigation on April 23, 2024. *Certain Epoxy Resins From the People's Republic of China, India, the Republic of Korea, and Taiwan: Initiation of Countervailing Duty Investigation*, 89 Fed. Reg. 33319 (Dep't Commerce April 29, 2024). Commerce selected Kukdo Chemical Co. Ltd. ("Kukdo") and Kumho P & B Chemicals Inc. ("Kumho") as mandatory respondents. *See* "Countervailing Duty Investigation of Epoxy Resins from the Republic of Korea: Respondent Selection," U.S. Dep't of Commerce, C-580-920 (May 9, 2024), at 5.

10. In its final determination, Commerce determined that Kukdo and Kumho received countervailable subsidies. *Certain Epoxy Resins From the Republic of Korea: Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination,* 90 Fed. Reg. 14605 (Dep't Commerce Apr. 3, 2025).

11. In this action, Plaintiff contests certain aspects of the countervailing duty subsidy rates with respect to Kukdo and Kumho, and, in turn, with respect to the "all others" rate based on the subsidy rates calculated for Kukdo and Kumho.

## STATEMENT OF THE ISSUES

12. In the following respects and for other reasons apparent from the record of the proceeding, the *Contested Determination* is unsupported by substantial evidence on the record or is otherwise not in accordance with law. *See* U.S.C. § 1516a(b)(1)(B)(i).

## COUNT I
## FAILURE TO ADJUST FOR REGIONAL MARKET DISTORTION

13. Paragraphs 1 through 12, above, are realleged and reincorporated herein.

14. Petitioners timely alleged that massive overcapacity in China to produce epichlorohydrin, a key input to produce subject merchandise, distorts Asian regional markets; provided data regarding regional epichlorohydrin flows; and submitted world price benchmarks. Because of the record evidence of regional market distortion, Commerce should have used the world price benchmarks in its calculations, as required by Commerce's regulations. Commerce's failure to do so resulted in understatement of the benefit received by respondents.

15. Commerce's decision to ignore the record evidence of regional market distortion and failure to apply a world price benchmark was unsupported by substantial evidence and was not in accordance with law.

## COUNT II
## FAILURE TO INVESTIGATE INPUTS PROVIDED FOR
## LESS THAN ADEQUATE REMUNERATION

16. Paragraphs 1 – 15 are incorporated herein by reference.

17. Commerce refused to investigate the provision of certain chemical inputs used to produce subject merchandise, claiming that Petitioner did not make a "clear allegation" for *each* chemical. *Contested Determination* IDM at Comment 21. Commerce's approach unreasonably requires petitioners *a priori* to present detailed confidential business information about

respondents' production processes, information that ordinarily would be unavailable to petitioners but which would be developed by Commerce through its investigative process. By imposing initiation criteria exceeding the requirements of the statute, Commerce acted arbitrarily and capriciously, and abused its discretion.

18. Commerce's decision not to initiate an investigation of these chemical inputs was unsupported by substantial evidence and was not in accordance with law.

## COUNT III
## FAILURE TO FIND CROSS-OWNERSHIP AND COUNTERVAIL SUBSIDIES PROVIDED TO AFFILIATED INPUT SUPPLIERS

19. Paragraphs 1 – 18 are incorporated herein by reference.

20. Kukdo is part of the Kukdo Group, a family-controlled conglomerate of highly interconnected companies operating together. Four of Kukdo's affiliated input suppliers in the Kukdo Group received benefits under the same subsidy programs as Kukdo. 19 U.S.C. § 1677(5)(C) requires Commerce to countervail subsidies whether provided directly or indirectly. Substantial evidence on the record demonstrated control of the Kukdo Group via a plurality shareholding far exceeding the shares held by any other person or group, as well as a long history of actual operational control. Despite the substantial evidence on the record, Commerce determined Kukdo has diversified ownership where no single entity may exert control to the extent that it meets Commerce's cross-ownership threshold. *Contested Determination* IDM at Comment 13. In making this finding, Commerce not only failed to properly weigh the substantial record evidence but also applied a "threshold" not allowed by the statute or Commerce's regulations.

21. Commerce's decision not to find cross-ownership, and consequent failure to countervail subsidies received by Kukdo's affiliates, was unsupported by substantial evidence

and was not in accordance with law.

## COUNT IV
### FAILURE TO ACCOUNT FULLY FOR LOSSES IN THE BENCHMARK FOR SUBSIDIZED ELECTRICITY

22. Paragraphs 1 – 21 are incorporated herein by reference.

23. Commerce correctly determined that Kukdo and Kumho received electricity for less than adequate remuneration from the government-owned Korea Electric Power Corporation ("KEPCO"). However, Commerce then failed to ensure that the benchmark used to calculate the benefit from subsidized electricity included a rate of return sufficient to recoup KEPCO's massive historical and ongoing losses, in disregard of Commerce's regulations and established practice. See *Contested Determination* IDM at Comment 3.

24. Commerce's decision not to fully reflect such losses in its benchmark was unsupported by substantial evidence and was not in accordance with law.

## COUNT V
### FAILURE TO ACCOUNT FOR KEPCO SUBSIDIARIES' LOSSES IN THE BENCHMARK FOR SUBSIDIZED ELECTRICITY

25. Paragraphs 1 – 24 are incorporated herein by reference.

26. Six of KEPCO's wholly-owned subsidiaries also incurred significant losses, which Commerce should have taken into account in calculating the inadequacy of the remuneration KEPCO received. In the *Contested Determination*, rather than adjust KEPCO's cost recovery to account for the losses incurred by KEPCO's wholly-owned subsidiaries, Commerce improperly dismissed Petitioners' request as an untimely upstream subsidy allegation. *Contested Determination* IDM at Comment 3.

27. Commerce's decision not to include in its calculations all of the costs that KEPCO would need to recover in order for remuneration to be adequate was unsupported by

substantial evidence and was not in accordance with law.

## COUNT VI
## RECALCULATION OF THE "ALL OTHERS" RATE

28. Paragraphs 1 – 27 are incorporated herein by reference.

29. In the *Contested Determination*, the "all others" rate assigned to exporters other than Kumho and Kukdo was understated because that rate was based on the final subsidy rates calculated for Kumho and Kukdo. If at the conclusion of this litigation the subsidy rates of Kumho and Kukdo are revised, the "all others" rate should be recalculated in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

30. Paragraphs 1 - 29 are incorporated herein by reference.

31. For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

(a) enter judgment in its favor;

(b) declare that, with respect to the issues raised in this Complaint, the *Contested Determination* is unsupported by substantial evidence on the record and is otherwise not in accordance with law;

(c) remand the matter to Commerce for redetermination consistent with the Court's opinion; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

<u>July 25, 2025    </u>  <u>*/s/ Stephen J. Orava*    </u>
Date  Stephen J. Orava
 SOrava@KSLAW.com

 Worth S. Anderson
 WAnderson@KSLAW.com

 King & Spalding LLP
 1700 Pennsylvania Avenue, NW
 Washington, DC  20006-4706
 (202) 737-0500

 *Counsel for Plaintiff*

CERTIFICATION OF SERVICE TO INTERESTED PARTIES
*U.S. Epoxy Resin Producers Ad Hoc Coalition v. United States*
Court No. 25-00147

This is to certify that on July 25, 2025, I have caused a copy of the foregoing **Complaint** to be served upon the following parties at the following addresses:

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED:**

Attorney-in-Charge
International Trade Field Office Commercial Litigation Branch- Civil Division
**U.S. Department of Justice**
26 Federal Plaza
Room 346
New York, NY 10278-0140

Brett A. Shumate
Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

John K. Guenther
Acting General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, N.W.
Room 5875
Washington, DC 20230

Robert Heilferty, Chief Counsel
Office of the Chief Counsel for Trade Enforcement & Compliance
**U.S. Department of Commerce**
14th Street and Constitution Ave., N.W.
Room 3622
Washington, D.C. 20230

Brady W. Mills, Esq.
**Morris, Manning & Martin, LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036
bmills@mmmlaw.com

Jaehong David Park, Esq.
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
david.park@apks.com

Andrew T. Schutz, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005
aschutz@gdlsk.com

Seokjoong Woo
**Embassy of the Republic of Korea**
2450 Massachusetts Avenue, NW
Washington, DC 20008
sjwoo22@mofa.go.kr

**VIA REGISTERED MAIL, RETURN RECEPT REQUESTED:**

Hyunsoo Joo
**Lee & Ko**
Hanjin Building
63 Namdaemun-ro, Jung-gu
Seoul 04532, Korea
hyunsoo.joo@leeko.com


*/s/ Stephen J. Orava*
Stephen J. Orava
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500